Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MONICA LUNA SAAVEDRA, *individually*
*and on behalf of others similarly situated,*

                            *Plaintiff,*

              -against-

MRS. BLOOM'S DIRECT, INC.
(d/b/a MRS. BLOOM'S), MRS.
BLOOM'S MOBILE LLC (d/b/a
MRS. BLOOM'S), OREN SHAPIRO,
and MAYBELLY GAMINEO,

                         *Defendants.*
-------------------------------------------------------X

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Monica Luna Saavedra  ("Plaintiff Luna" or "Ms. Luna"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants Mrs. Bloom's Direct, Inc. (d/b/a Mrs. Bloom's) and Mrs. Bloom's Mobile LLC (d/b/a Mrs. Bloom's) ("Defendant Corporations"), Oren Shapiro, and Maybelly Gamineo  (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.    Plaintiff Luna is a former employee of Defendants Mrs. Bloom's Direct, Inc. (d/b/a Mrs. Bloom's), Mrs. Bloom's Mobile LLC (d/b/a Mrs. Bloom's), Oren Shapiro, and Maybelly Gamineo.

2.      Mrs. Bloom's is a flower business composed of two shops and more than 14 locations in Duane Reade stores owned or managed by Oren Shapiro and Maybelly Gamineo; the flower shops are located at 200 Broadway, New York, New York 10038 and at 75 Ninth Avenue, New York, New York 10011, with its business office located at 175 Clearbrook Rd, Suite 153, Elmsford, New York 10523 and the locations in Duane Reade stores are all around Manhattan.

3.      Upon information and belief, individual Defendants Oren Shapiro and Maybelly Gamineo serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate the Flower shops and Duane Reade locations.

4.      Plaintiff Luna is a former employee of Defendants.

5.      Plaintiff Luna was employed as a flower cutter, flower arranger, water changer, counter attendant and delivery worker.

6.      At all times relevant to this Complaint, Plaintiff Luna worked for Defendants in excess of 40 hours per week, without receiving the appropriate compensation for the hours over 40 per week that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of her hours work and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants' conduct extended beyond Plaintiff Luna to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Luna and other employees to work in excess of forty (40) hours per

2

week without providing them the overtime compensation required by federal and state law and regulations.

10.    Plaintiff Luna now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Luna seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Luna's state law claims is conferred by 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Luna was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.    Plaintiff Luna is an adult individual residing in Bronx County, New York.

15.     Plaintiff Luna was employed by Defendants from approximately March 12, 2015 until on or about March 9, 2017.

16.     Plaintiff Luna consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all times relevant to this complaint, Defendants own, operate, and/or control a flower business consisting of two flower shops and more than 14 Duane Reade locations; the flower shops are located at 200 Broadway, New York, New York 10038 and 75 Ninth Avenue, New York, New York 10011 under the name "Mrs. Bloom's", and the Duane Reade locations are all around Manhattan.

18.     Upon information and belief, Mrs. Bloom's Direct, Inc. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its business office at 175 Clearbrook Rd, Suite 153, Elmsford, New York 10523.

19.     Upon information and belief, Mrs. Bloom's Mobile LLC (d/b/a Mrs. Bloom's) ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its business office at 175 Clearbrook Rd, Suite 153, Elmsford, New York 10523.

20.     Defendant Oren Shapiro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Oren Shapiro is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

21.    Defendant Oren Shapiro possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

22.    Defendant Oren Shapiro determined the wages and compensation of the employees of Defendants, including Plaintiff Luna, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.    Defendant Maybelly Gamineo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Maybelly Gamineo is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

24.    Defendant Maybelly Gamineo possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

25.    Defendant Maybelly Gamineo determined the wages and compensation of the employees of Defendants, including Plaintiff Luna, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

26.    Defendants operate a flower business composed of two shops located at 200 Broadway, New York, New York 10038 and 75 Ninth Avenue, New York, New York 10011, under the name Mrs. Bloom's and more than 14 locations in Duane Reade stores all around Manhattan.

27.    Individual Defendants Oren Shapiro and Maybelly Gamineo possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Luna's (and others similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Luna, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Luna, and all similarly situated individuals, and are Plaintiff Luna's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Luna and/or similarly situated individuals.

32.    Upon information and belief, individual defendants Oren Shapiro and Maybelly Gamineo operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

6

(b)     defectively forming or maintaining Defendant Corporations by, among

other things, failing to hold annual meetings or maintaining appropriate corporate

records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or

majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining

control over these corporations as closed Corporations or closely controlled

entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to

protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Luna's employers within the

meaning of the FLSA and NYLL.

34.     Defendants had the power to hire and fire Plaintiff Luna, controlled the terms and

conditions of her employment, and determined the rate and method of any compensation in

exchange for Plaintiff Luna's services.

35.     In each year from 2015 to 2017, Defendants, both individually and jointly, had

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the flower shops and Duane Reade locations on a daily basis, such as flowers, were produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Luna is a former employee of Defendants, employed in performing the duties of a flower cutter, flower arranger, water changer, counter attendant and delivery worker.

38.     Plaintiff Luna seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Monica Luna Saavedra*

39.     Plaintiff Luna was employed by Defendants from approximately March 12, 2015 until March 9, 2017.

40.     At all relevant times, Plaintiff Luna was employed by Defendants as a flower cutter, flower arranger, water changer, counter attendant and delivery worker.

41.     Plaintiff Luna regularly handled goods in interstate commerce, such as roses and orchids produced outside of the State of New York.

42.      Plaintiff Luna's work duties required neither discretion nor independent judgment.

43.     Throughout her employment with Defendants, Plaintiff Luna regularly worked in excess of 40 hours per week.

44.     From approximately March 12, 2015 until on or about May 2015, Plaintiff Luna worked an average of 66 hours per week.

45.     From approximately May 2015 until on or about September 13, 2015, Plaintiff Luna worked a range of approximately 30 to 68 hours per week and worked an average of 54 hours per week.

46.     From approximately September 14, 2015 until on or about December 20, 2015, Plaintiff Luna worked a range of approximately 57 to 78 hours per week and worked an average of 67 hours per week.

47.     From approximately December 22, 2015 until on or about January 31, 2016, Plaintiff Luna worked a range of approximately 38 to 54 hours per week and worked an average of 47 hours per week.

48.     From approximately February 1, 2016 until on or about June 12, 2016, Plaintiff Luna worked a range of approximately 36 to 80 hours per week and worked an average of 64 hours per week.

49.     From approximately June 13, 2016 until on or about October 30, 2016, Plaintiff Luna worked a range of approximately 42 to 76 hours per week and worked an average of 50 hours per week.

50.     From approximately October 31, 2016 until on or about March 9, 2017, Plaintiff Luna worked a range of approximately 33 to 70 hours per week and worked an average of 57 hours per week.

51.     Throughout her employment with defendants, Plaintiff Luna was paid her wages in a combination of check and cash.

52.     From approximately March 12, 2015 until on or about August 24, 2015, Defendants paid Plaintiff Luna a check for $1,000 for the first 100 hours she worked every two

9

weeks and $9.00 per hour in cash for any hours she worked over 100 in the same two week period.

53.     From approximately November 2016 until March 9, 2017, Defendants paid Plaintiff Luna a check of $1050 for the first 90 hours she worked every two weeks and $9.00 per hour for any hours she worked over 90 in the same two week period; however, defendants deducted $50.00 from the cash payments Luna received for the hours she worked over 90 each two week period.

54.     Defendants never granted Plaintiff Luna with a meal break. Or rest period of any kind.

55.     Plaintiff Luna was never notified by Defendants that her tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Luna's wages.

57.     Defendants illegally withheld some of the tips that Plaintiff Luna earned from customers.

58.     Specifically, Defendants withheld all of the tips that clients gave Plaintiff Luna during her last two months of work.

59.     Defendants did not provide Plaintiff Luna with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

60.     Prior to November 2016, Plaintiff Luna was not required to keep track of her time worked at the Ninth Avenue location, nor to her knowledge did the Defendants utilize any time

tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked at the Ninth avenue location.

61.    Instead, throughout her entire employment, defendants required Plaintiff Luna to punch in and out whenever she worked at the Duane Reade locations; however, defendants required Plaintiff Luna to use the false name of "L. Hernandez".

62.    Defendants never provided Plaintiff Luna with a written notice, in English and in Spanish (Plaintiff Luna's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Luna regarding overtime and wages under the FLSA and NYLL.

64.    Defendants required Plaintiff Luna to purchase "tools of the trade" with her own funds—including metro cards she was required to use in the job to move from one Duane Reade location to another.

*Defendants' General Employment Practices*

65.    Defendants regularly required Plaintiff Luna to work in excess of forty (40) hours per week without paying her the proper overtime wages.

66.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Luna (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate overtime compensation, as required by federal and state laws.

67.    Plaintiff Luna was paid her wages in a combination of check and cash.

68.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

69.     By employing these practices, Defendants avoided paying Plaintiff Luna the overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

70.     Defendants failed to post required wage and hour posters in the flower shops and Duane Reade locations, and did not provide Plaintiff Luna with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Luna's relative lack of sophistication in wage and hour laws.

71.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Luna (and similarly situated individuals) worked, and to avoid paying Plaintiff Luna properly for the overtime due.

72.     Defendants failed to provide Plaintiff Luna and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.    Defendants failed to provide Plaintiff Luna  and other employees, at the time of

hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74.    Plaintiff Luna brings her FLSA overtime wages and liquidated damages claims as

a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons who are or were employed by Defendants, or any of them, on or after the date

that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as

employees of Defendants (the "FLSA Class").

75.    At all relevant times, Plaintiff Luna and other members of the FLSA Class who

are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours

per workweek under the FLSA, willfully taking improper wage deductions and other improper

credits against Plaintiff Luna's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

76.    The claims of Plaintiff Luna stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

77.    Plaintiff Luna repeats and realleges all paragraphs above as though fully set forth herein.

78.    At all times relevant to this action, Defendants were Plaintiff Luna's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Luna (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

79.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Luna (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

82.    Defendants' failure to pay Plaintiff Luna (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

83.    Plaintiff Luna repeats and realleges all paragraphs above as though fully set forth herein.

84.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Luna  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

85.    Defendants failed to pay Plaintiff Luna (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

86.    Defendants' failure to pay Plaintiff Luna (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiff Luna (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

88.    Plaintiff Luna repeats and realleges all paragraphs above as though fully set forth herein.

89.    Defendants failed to provide Plaintiff Luna  with a written notice, in English and in Spanish (Plaintiff Luna's  primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

15

90. Defendants are liable to Plaintiff Luna in the amount of $5,000, together with costs and attorney's fees.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

91. Plaintiff Luna repeats and realleges all paragraphs above as though set forth fully herein.

92. Defendants did not provide Plaintiff Luna with a statement of wages with each payment of wages, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Luna in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

94. Plaintiff Luna repeats and realleges all paragraphs above as though fully set forth herein.

95. At all relevant times, Defendants were Plaintiff Luna's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

96. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

97. Defendants unlawfully misappropriated a portion of Plaintiff Luna's tips that were received from customers.

98.    Defendants knowingly and intentionally retained a portion of Plaintiff Luna's tips in violations of the NYLL and supporting Department of Labor Regulations.

99.    Plaintiff Luna was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

100.    Plaintiff Luna repeats and re-alleges all paragraphs above as though set forth fully herein.

101.    Defendants required Plaintiff Luna to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, such as metro cards, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

102.    Plaintiff Luna was damaged in an amount to be determined at trial.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Luna respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Luna  and the FLSA class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Luna's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Luna  and the FLSA class members;

(e)      Awarding Plaintiff Luna  and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)      Awarding Plaintiff Luna  and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Luna  and the members of the FLSA Class;

(h)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Luna  and the members of the FLSA Class;

(i)      Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Luna's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(j)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Luna's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

18

(k)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Luna  and the FLSA Class members;

(l)      Awarding Plaintiff Luna  and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(m)      Awarding Plaintiff Luna  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Luna  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Awarding Plaintiff Luna  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Luna  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Luna demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
     March 26, 2017

                         MICHAEL FAILLACE & ASSOCIATES, P.C.

                             /s/ Michael Faillace
        By:    Michael A. Faillace [MF-8436]
              60 East 42nd Street, Suite 2540
              New York, New York 10165
              (212) 317-1200
              *Attorneys for Plaintiff*

20

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

March 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Monica Luna Saavedra

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     10 de marzo de 2017

_Certified as a minority-owned business in the State of New York_