**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

MONICA LUNA SAAVEDRA, *individually*
*and on behalf of others similarly situated,*

                       *Plaintiffs,*

              -against-

MRS. BLOOM'S DIRECT, INC.
(d/b/a MRS. BLOOM'S), MRS.
BLOOM'S MOBILE LLC (d/b/a
MRS. BLOOM'S), OREN SHAPIRO,
and MAYBELLY GAMINEO,

                  *Defendants.*

Docket No.:  **17-CV-2180 (AJP)**

**ECF Case**


        **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**


MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Plaintiff Monica Luna Saaverdra makes this motion *in limine*, by her attorneys Michael Faillace & Associates, P.C., to exclude evidence and testimony regarding her immigration status, social security numbers, and tax filing information.

Evidence and testimony as to Plaintiffs' immigration status and tax filings should be excluded because it is irrelevant to their FLSA and New York Labor Law claims, as well as far more prejudicial than probative.  Defendants intend to introduce evidence which would raise Plaintiff's social security number as an issue.  Plaintiff's social security number, immigration status, and tax filing information is not related to any of the claims or defenses in this action. Furthermore, the effect of this evidence would be more prejudicial than probative.

## ARGUMENT

### I. EVIDENCE AND TESTIMONY RELATING TO PLAINTIFF'S IMMIGRATION STATUS, SOCIAL SECURITY NUMBERS, AND TAX INFORMATION SHOULD BE EXCLUDED AS IRRELEVANT AND PREJUDICIAL

Evidence and testimony relating to Plaintiffs' immigration status, social security numbers, and tax information should be excluded under Rule 402 of the Federal Rules of Evidence because is not relevant to any of the claims or defenses in this matter.  Relevant evidence "means any evidence having a tendency to make the existence of any fact that is of consequence to the action more or less probably than it would be without the evidence."  Fed. R. Evid. 401.  Even when evidence is relevant, it may be excluded if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, undue delay, or wasting time. F.R.E. 403.

A plaintiff's immigration status has no bearing on his rights to recover unpaid wages under the FLSA or New York Labor Law. *See Liu v. Donna Koran International, Inc.,* 207 F.

Supp. 2d 191, 193 (S.D.N.Y. 2002), citing *Patel v. Quality Inn South,* 846 F.2d 700 (11th Cir.

1988), *cert, denied,* 489 U.S. 1011 (1989) (undocumented workers have the same rights to be

paid the minimum wage and overtime as documented workers); *Nizamuddowlah v. Bengal*

*Cabaret, Inc.,* 69 A.D.2d 875 (2d Dep't 1979) (undocumented employee entitled to payment

under the New York State minimum wage law for time worked but not paid).   Evidence

regarding plaintiff's social security numbers, and payment of taxes are also irrelevant to their

FLSA and New York Labor Law claims.  *Rengifo v. Erevos Enterprises, Inc.*, 2007 U.S. Dist.

LEXIS 19928, *6-7 (S.D.N.Y. 2007) (granting protective order regarding plaintiff's immigration

status, tax returns, and authorization to work in the United States); *see also Flores v. Amigon*,

233 F.Supp.2d 462, 463 (E.D.N.Y. 2002) (granting protective regarding plaintiffs' immigration

documents, social security number, and passports).

      Even if such evidence were relevant, its probative value is outweighed by the severe risk

of harm to plaintiffs, as such evidence presents "the danger of intimidation, the danger of

destroying the cause of action and would inhibit plaintiffs in pursuing their rights."  *Liu*, 207

F.Supp.2d at 193; *see also Trejos v. Edita's Bar & Rest., Inc.*, 2009 LEXIS 21239, *6 (E.D.N.Y.

2009) ("even if the information sought were somehow relevant, the *in terrorem* effect of the

questions [regarding immigration status] outweighs the need for disclosure*");  Rosas v. Alice's*

*Tea Cup, LLC, 127 F. Supp. 3d 4 (S.D.N.Y. 2015)* (quoting *Rengifo,* 2007 U.S. Dist. LEXIS

19928 *11) ("[w]hile it is true that credibility is always at issue, that 'does not by itself warrant

unlimited inquiry into the subject of immigration status when such examination would impose an

undue burden on private enforcement of employment discrimination laws.'");  *Kim v. Kum Gang,*

*Inc.*, 2014 U.S. Dist. LEXIS 77041 *6 (S.D.N.Y. June 2, 2014) ("to allow this form of inquiry in

cases of this type would pose the real danger of undercutting the protective goals of the remedial

statutes under which plaintiffs have sued. They work in an industry that often pays minimal amounts and on a cash basis and often employs undocumented foreigners.")

## CONCLUSION

Wherefore, it is respectfully requested that Plaintiff's motion in *limine* be granted in all respects.

September 29, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: ___/s/ Michael Faillace
Michael Faillace
60 East 42nd Street, Suite 2540
New York, New York 10021
(212) 317-1200

3