# DAVIS & ASSOCIATES
520 White Plains Road, Suite 500, Tarrytown, NY 10591
Tel 914.586.3529 ▪ Web www.JeffDavisEsq.com

May 7th, 2018

BY ECF
Honorable Ona T. Wang
United States District Court
40 Foley Square
New York, NY  10001

                              Re:    Luna Saavedra et al v. Mrs. Bloom's Direct, Inc. et al., 17-cv-2180 (LGS)(AJP)

Your Honor:

I represent the Defendants in the above-entitled action.  Notwithstanding that the Plaintiff obtained employment with my clients under false pretenses and through the submission of phony and falsified documents, including a social security card and permanent resident card as well as IRS Forms I-9 and  W-4, a settlement was indeed reached on December 5th, 2017 (the "Settlement") whereby my clients agreed to pay the sums set forth therein.

Counsel states in his letter to the Court dated April 23, 2018 that "[i]t is the understanding of the undersigned from conversations with Defendants' counsel that they have no present intention of making any payments under this agreement."  This cannot be further from the truth.  Due to the fact that all employment related documents Plaintiff had previously submitted to my client were falsified, I have requested on more than one occasion that Plaintiff's counsel submit to my client proper identification so that the terms of the settlement could be met.

As of the date of this letter, we have not received proper documentation from counsel despite all of my efforts.  Instead, counsel has submitted new IRS Forms W-4 and W-9 that it knew or should have known were also falsified.  Counsel has also not submitted USCIS Form I-9.  No valid social security number (SSN) and no proper backup identification have been provided to my clients.  The W-4 and W-9 forms submitted only contain a tax payer identification number (TIN).  It is unclear whether this number is even valid as it differs from the TIN Plaintiff submitted with her original employment application.

Your Honor, I have instructed my clients that they may not initiate any payments to the Plaintiff unless and until the proper forms and documentation are received.  I advised my clients that the Social Security Administration (SSA) requires them to first obtain a valid SSN from an employee prior to paying W-2 or 1099 wages and that a TIN is not acceptable as a substitute.  Furthermore, pursuant to 8 USC 1324a, my clients have been advised (and Plaintiff's counsel should be well aware of this) that employing or paying wages to an illegal alien without verifying work authorization status is a misdemeanor and would subject my clients to severe penalties under the law.

Accordingly, I respectfully request that Plaintiff's motion to compel payment under the Settlement be denied unless and until counsel submits valid and complete paperwork, that

the Settlement be nullified if Plaintiff is indeed an illegal alien or such other relief the Court deems proper.


JEFFREY K. DAVIS, ESQ.